# United States District Court

### FOR THE
### NORTHERN DISTRICT OF CALIFORNIA
### CRIMINAL DIVISION

#### VENUE: SAN FRANCISCO

CR 07 — 0765 PJH

UNITED STATES OF AMERICA,

**V.**

NEWCON INTERNATIONAL LTD.

FILED

DEC – 4 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DEFENDANT.

---

## INDICTMENT

A true bill.

_____ Foreman

Filed in open court this 4th day of
December 2007.

_____ Clerk

Bail, $ _____

# United States District Court

FOR THE
## NORTHERN DISTRICT OF CALIFORNIA
## CRIMINAL DIVISION

VENUE: SAN FRANCISCO



CR 07 — 0765 PJH

FILED

### UNITED STATES OF AMERICA,

## V.

DEC – 4 2007

MENDEL BEKER, a.k.a. Mikhail Lvovich, a.k.a. Michael Beker

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

### DEFENDANT.

# INDICTMENT

A true bill.

_____
Foreman

Filed in open court this 4th day of
December 2007.

_____
Clerk

Bail, $ no bail arrest warrant

# United States District Court

### FOR THE
### NORTHERN DISTRICT OF CALIFORNIA
### CRIMINAL DIVISION
### VENUE: SAN FRANCISCO



UNITED STATES OF AMERICA,

**V.**

ARIE PRILIK

**PJH**

# FILED

DEC - 4 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

### DEFENDANT.

## INDICTMENT

A true bill.

_____ **Foreman**

Filed in open court this _____ day of
_____

**Clerk**

Bail, $ _____

PENALTY SHEET

Individual: Arie Prilik

18 U.S.C. §1343 - Fraud by Wire

Maximum Penalties:

1.    $250,000 or two times the loss, whichever is greater
2.    A term of imprisonment of 20 years
3.    A term of probation of at least one year but not more than five
4.    $100 special assessment per count ($200)
5.    Restitution

18 U.S.C. § 371 - Conspiracy to Commit Wire Fraud

Maximum Penalties:

1.    $250,000 or two times the gain or loss, whichever is greater
2.    A term of imprisonment of 5 years
3.    A term of probation of at least one year but not more than five
4.    $100 special assessment per count ($100)
5.    Restitution

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION IN U.S. DISTRICT COURT

BY: [ ] COMPLAINT  [ ] INFORMATION  [X] INDICTMENT
[ ] SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

### OFFENSE CHARGED

18 U.S.C. Section 1343 - Scheme by
Wire; 18 U.S.C. Section 371 -
Conspiracy; 18 U.S.C. Section
1956(a)(2)(A) - Money Laundering

[ ] Petty
[ ] Minor
[ ] Misde-meanor
[X] Felony

PENALTY:

See attached

**DEFENDANT - U.S.**

FILED

Mendel Beker a.k.a. Michael Beker a.k.a
Michael Lvovich

DEC - 4 2007

**DISTRICT COURT NUMBER**

CR 07 0765 - PJH

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

### PROCEEDING

**Name of Complaintant Agency, or Person (&Title, if any)**

[ ] person is awaiting trial in another Federal or State Court, give name of court

[ ] this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

[ ] this is a reprosecution of charges previously dismissed which were dismissed on

[ ] U.S. Att'y  [ ] Defense

SHOW DOCKET NO.

[ ] this prosecution relates to a pending case involving this same defendant

[ ] prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

MAGISTRATE CASE NO.

**Name and Office of Person Furnishing Information on THIS FORM**

Jeane Hamilton
Antitrust Division
U.S. Dept. of Justice
San Francisco Field Office

[ ] U.S. Att'y  [X] Other U.S. Agency

**Name of Asst. U.S. Att'y (if assigned)**

### DEFENDANT

**IS NOT IN CUSTODY**
1) [ ] Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges
2) [ ] Is a Fugitive
3) [ ] Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) [ ] On this charge
5) [ ] On another conviction
6) [ ] Awaiting trial on other
[ ] Fed'l  [ ] State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  [ ] Yes  [ ] No
If "Yes" give date filed

**DATE OF ARREST**

Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY**

Month/Day/Year

[ ] This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
[ ] SUMMONS  [ ] NO PROCESS*  [ ] WARRANT   Bail Amount: _____

If Summons, complete following:
[ ] Arraignment  [ ] Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time: _____

Before Judge: _____

Comments:

PENALTY SHEET

Individual: Mendel Beker a.k.a. Michael Beker a.k.a. Michael Lvovich

18 U.S.C. §1343 - Fraud by Wire

Maximum Penalties:
1.    $250,000 or two times the gain or loss, whichever is greater
2.    A term of imprisonment of 20 years
3.    A term of probation of at least one year but not more than five
4.    $100 special assessment per count ($200)
5.    Restitution

18 U.S.C. § 371 - Conspiracy to Commit Wire Fraud

Maximum Penalties:
1.    $250,000 or two times the gain or loss, whichever is greater
2.    A term of imprisonment of 5 years
3.    A term of probation of at least one year but not more than five
4.    $100 special assessment per count ($100)
5.    Restitution

18 U.S.C. 1956(a)(2)(A) - Money Laundering

Maximum Penalties:
1.    $500,000 or twice the value of the monetary instrument or funds involved in the
      transportation, transmission, or transfer, whichever is greater
2.    A term of imprisonment of 20 years.
3.    A term of probation of at least one year but not more than five
4.    $100 special assessment per count ($100)
5.    Restitution
6.    Forfeiture

## PENALTY SHEET

Corporation: Newcon International Ltd.

18 U.S.C. § 1343 - Wire Fraud

Maximum Penalties:
1.    $250,000 or two times the loss or gain, whichever is greater
2.    A term of probation of at least one year but not more than five
3.    $100 special assessment per count ($200)
4.    Restitution

18 U.S.C. § 371 - Conspiracy to Commit Wire Fraud

Maximum Penalties:
1.    $250,000 or two times the gain or loss, whichever is greater
2.    A term of probation of at least one year but not more than five
3.    $100 special assessment per count ($100)
4.    Restitution

18 U.S.C. 1956(a)(2)(A) - Money Laundering

Maximum Penalties:
1.    $500,000 or twice the value of the monetary instrument or funds involved in the
      transportation, transmission, or transfer, whichever is greater.
2.    A term of probation of at least one year but not more than five.
3.    $100 special assessment per count
4.    Restitution
5.    Forfeiture

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

### OFFENSE CHARGED

18 U.S.C. Section 1343 - Scheme by
Wire; 18 U.S.C. Section 371 -
Conspiracy; 18 U.S.C. Section
1956(a)(2)(A) - Money Laundering

☐ Petty
☐ Minor
☐ Misde-
   meanor
☒ Felony

PENALTY:

See attached

**DEFENDANT - U.S.**

Newcon International Ltd. aka Newcon
Optik

FILED

DISTRICT COURT NUMBER        DEC - 4 2007

CR 07 0765 - PJH        RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

### PROCEEDING

Name of Complainant Agency, or Person (&Title, if any)

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on

☐ U.S. Att'y  ☐ Defense

☐ this prosecution relates to a
pending case involving this same
defendant

☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding
this defendant were recorded under

SHOW
DOCKET NO.

MAGISTRATE
CASE NO.

Name and Office of Person
Furnishing Information on
THIS FORM

Jeane Hamilton
Antitrust Division
U.S. Dept. of Justice
San Francisco Field Office

☐ U.S. Att'y  ☒ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)

### DEFENDANT

**IS NOT IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding.
If not detained give date any prior summons
was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other        ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer    ☐ Yes   If "Yes"
been filed?     ☐ No    give date
filed

Month/Day/Year

DATE OF
ARREST

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED
TO U.S. CUSTODY

Month/Day/Year

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons
or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time:

Before Judge:

Comments:

1  JEANE HAMILTON (CA State Bar No. 157834)
   NATHANAEL M. COUSINS (CA State Bar No. 177944)
2  DAVID J. WARD (CA State Bar No. 239504)
   Antitrust Division
3  United States Department of Justice

**FILED**

DEC - 4 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

**PJH**

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | No. |
| ) | |
| Plaintiff,  ) | <u>VIOLATIONS</u>: 18 U.S.C. § 1343 |
| ) | - Wire Fraud; 18 U.S.C. § 371 - |
| ) | Conspiracy; 18 U.S.C. §1956(a) - |
| v.  ) | Money Laundering; 18 U.S.C. |
| ) | § 982(a)(1) - Forfeiture |
| MENDEL BEKER, a.k.a.  ) | |
| Mikhail Lvovich, a.k.a. Michael Beker,  ) | |
| ARIE PRILIK and  ) | |
| NEWCON INTERNATIONAL LTD.  ) | |
| ) | |
| Defendants.  ) | SAN FRANCISCO VENUE |
| _____  ) | |

## INDICTMENT

The Grand Jury charges:

## BACKGROUND

At all times relevant to this Indictment:

1.    Night vision goggles are specially constructed binoculars that allow the user to see objects and surroundings in the dark without additional illumination. The quality of night vision goggles is graded by generations (known as "Gen"), and include Gen I and Gen II night vision goggles. Gen II goggles contain more sophisticated technology than Gen I goggles.

Indictment - Page 1



1    2.    Defendant NEWCON INTERNATIONAL LTD. ("NEWCON"), also

2    known as Newcon Optik, was a privately held company based in Toronto, Canada.

3    NEWCON sells night vision goggles. Whenever in this Indictment reference is made to

4    any act, deed, or transaction of NEWCON, the allegation means that NEWCON engaged

5    in the act, deed, or transaction by or through its officers, directors, employees, agents, or

6    other representatives while they were actively engaged in the management, direction,

7    control, or transaction of NEWCON'S business or affairs.

8    3.    Defendant MENDEL BEKER, a resident of Toronto, Canada, was president

9    and chief executive of NEWCON.

10    4.    Defendant ARIE PRILIK, a resident of Toronto, Canada, was a vice president

11    at NEWCON and reported to BEKER.

12    5.    On or about February 14, 2005, the U.S. Army's Tank-Automotive and

13    Armaments Command ("TACOM"), the military unit tasked with equipping and training

14    the Iraqi Army, awarded a contract valued at approximately $250 million to International

15    Trade Establishment ("ITE"), a civilian military supplier based in Amman, Jordan.

16    Known as the Battalion Set II contract, the contract required ITE to supply the Iraqi Armed

17    Forces with weapons, communications equipment and Gen II night vision goggles.

18    6.    On or about March 12, 2005, ITE awarded the night vision goggles portion of

19    the Battalion Set II contract to American Technologies Network, Inc. ("ATN"), a South

20    San Francisco-based corporation.

21    COUNTS ONE AND TWO: (18 U.S.C. § 1343 - Wire Fraud)

22    7.    Paragraphs 1 through 6 are realleged as if fully set forth here.

23                        THE SCHEME TO DEFRAUD

24    8.    Beginning in or about August 2005 and continuing until on or about February

25    7, 2006, both dates being approximate and inclusive, in the Northern District of California

26    and elsewhere, the defendants:

27                        MENDEL BEKER,
                         ARIE PRILIK and
28                        NEWCON

Indictment - Page 2

1    did knowingly and intentionally devise and intended to devise, a scheme and artifice to

2    defraud TACOM as to a material matter, to obtain money and property by means of

3    materially false or misleading pretenses, representations, omissions, and promises, related

4    to TACOM's purchase of night vision goggles under the Battalion Set II contract.

5      9.    After failing to disrupt ATN's contract to supply night vision goggles under

6    the Battalion Set II contract, BEKER, PRILIK, and NEWCON devised a scheme to

7    unlawfully enrich themselves by paying ATN to stop supplying night vision goggles under

8    the Battalion Set II contract using false or misleading pretenses, at which point NEWCON

9    would supply the night vision goggles at inflated prices.

10    10.    It was part of the scheme and artifice to defraud that BEKER, PRILIK and

11    NEWCON participated in or did the following, among other things:

12      a.      BEKER contacted an ATN representative and offered to pay ATN to stop

13               supplying night vision goggles under the Battalion Set II contract;

14      b.      BEKER instructed the ATN representative to create an invoice billing

15               NEWCON \$50,000 and to falsely describe the \$50,000 as a "loan," thereby

16               concealing the true purpose of the \$50,000 -- as an initial payment to

17               induce ATN to stop supplying night vision goggles under the Battalion Set

18               II contract;

19      c.      BEKER caused \$50,000 to be transferred via wire from a bank account

20               controlled by NEWCON to a bank account controlled by ATN for the

21               purpose of paying ATN to stop supplying night vision goggles under the

22               Battalion Set II contract;

23      d.      PRILIK told a TACOM contracting official that ATN could no longer

24               supply night vision goggles due to production, export and quality problems.

25               PRILIK's statements included false or misleading pretenses. PRILIK then

26               informed the TACOM official that NEWCON could supply the night vision

27               goggles, but at a substantially higher price.

28

Indictment - Page 3

1                          THE USE OF THE WIRES

2          11.    On or about the dates listed below, in the Northern District of California

3    and elsewhere, for the purpose of executing the aforementioned scheme and artifice to

4    defraud, and attempting to do so, defendants:

5                                MENDEL BEKER,
                                 ARIE PRILIK and
6                                   NEWCON

7    knowingly transmitted and caused to be transmitted, in interstate and foreign commerce,

8    wire communications as set forth below:

9    | Count | Date | Route of Wire | Description |
     | --- | --- | --- | --- |
10   | ONE | Sept. 7, 2005 | Toronto, Canada to San Mateo, California | $50,000 wire transfer from Bank of Nova Scotia (Acct#: held by Newcon Optik) to Union Bank of California (Acct#: held by American Technologies Network Corp.) |
     | TWO | Sept. 20, 2005 | Toronto, Canada to South San Francisco, California | Telephone call from PRILIK to ATN Representative |

17         All in violation of Title 18, United States Code, Section 1343.

18   COUNT THREE: 18 U.S.C. § 371 (Conspiracy to Commit Wire Fraud)

19         12.    Paragraphs 1 through 6 and paragraphs 8 through 11 are realleged as if fully

20   set forth here.

21         13.    Beginning in or about August 2005 and continuing until on or about

22   February 7, 2006, both dates being approximate and inclusive, in the Northern District of

23   California and elsewhere, the defendants:

24                               MENDEL BEKER,
                                 ARIE PRILIK and
25                                  NEWCON

26   did knowingly and intentionally conspire and agree to commit wire fraud, in violation of

27   Title 18, United States Code, Section 371.

28   //
     Indictment - Page 4

1

## OVERT ACTS

2       14.    As part of the conspiracy, and to carry out its objectives, BEKER and

3 PRILIK, as agents of NEWCON and while they were actively engaged in the management,

4 direction, control or transaction of NEWCON's business affairs, committed or caused to

5 be committed the following overt acts, among others, in the Northern District of California

6 and elsewhere:

7       a.    On or about August 26, 2005, PRILIK spoke by telephone to an ATN

8       representative, proposing that ATN and NEWCON coordinate the price at

9       which they would offer to sell night vision goggles under the TACOM

10       contract. PRILIK described this as "an illegal antitrust."

11       b.    On or about September 1, 2005, BEKER spoke by telephone to an ATN

12       representative and proposed to compensate ATN in return for ATN's

13       agreement to stop supplying night vision goggles under the Battalion Set II

14       contract.

15       c.    On or about September 7, 2005, BEKER ordered the wire transfer of

16       $50,000 from a bank account controlled by NEWCON at the Bank of Nova

17       Scotia to a bank account controlled by ATN at the Union Bank of

18       California, the first installment in NEWCON's payments to ATN in return

19       for ATN's agreement to stop supplying night vision goggles under the

20       Battalion Set II contract.

21       d.    On or about September 20, 2005, PRILIK spoke by telephone to an ATN

22       representative and, among other things, pressed him to sign an agreement

23       containing the false or misleading pretenses under which ATN would stop

24       supplying night vision goggles under the Battalion Set II contract.

25       All in violation of Title 18, United States Code, Section 371.

26 <u>COUNT FOUR</u>: (18 U.S.C. 1956(a) - Money Laundering)

27       15.    Paragraphs 1 through 6 and 8 through 11, are realleged as if fully set forth

28 here.

Indictment - Page 5

1    16.    On or about September 7, 2005, within the Northern District of California

2    and elsewhere, the defendants:

3                                       MENDEL BEKER and
                                           NEWCON
4

5    did transport, transmit or transfer, or cause to be transported, transmitted or transferred, or

6    did attempt to transport, transmit or transfer, a monetary instrument or funds from a place

7    outside the United States to a place in the United States, with the intent to promote the

8    carrying on of specified unlawful activity, namely Wire Fraud as alleged in Counts One

9    and Two herein, by transferring $50,000 from a bank account controlled by NEWCON at

10   the Bank of Nova Scotia in Toronto, Canada, to a bank account controlled by ATN at the

11   Union Bank of California in the Northern District of California, in violation of Title 18,

12   United States Code, Section 1956(a)(2)(A).

13   FORFEITURE ALLEGATION: (18 U.S.C. § 982(a)(1))

14   17.    Paragraphs 1 through 6, 8 through 11, and paragraph 16 are hereby re-

15   alleged as if fully set forth here, for the purpose of alleging forfeiture pursuant to the

16   provisions of Title 18, United States Code, Section 982(a)(1).

17   18.    Upon conviction of the offense alleged in Count Four of this Indictment, the

18   defendants:

19                                      MENDEL BEKER and
                                           NEWCON
20

21   shall forfeit to the United States pursuant to Title 18, United States Code, Section

22   982(a)(1), all right, title and interest in property, real or personal, involved in said

23   violation, or any property traceable to such property, including but not limited to:

24                a.    all property used in any manner to commit or facilitate the

25                      commission of said offenses, including but not limited to $50,000

26                      transferred from a NEWCON bank account at the Bank of Nova

27                      Scotia to an ATN bank account at the Union Bank of California.

28   //
     Indictment - Page 6

1           b.    a sum of money equal to the total amount of money involved in the

2                commission of said offenses.

3       19.   If, as a result of any act or omission of the defendants, any of said property

4           a.    cannot be located upon the exercise of due diligence,

5           b.    has been transferred or sold to or deposited with a third person,

6           c.    has been placed beyond the jurisdiction of the Court,

7           d.    has been substantially diminished in value, or

8           e.    has been commingled with other property that cannot be divided

9                without difficulty,

10  any and all interest the defendants have in any other property, up to the value of the

11  property described in paragraph 18 above, shall be forfeited to the United States pursuant

12  to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States

13  Code, Section 982(b)(1).

14

15  DATED:                                  A TRUE BILL

16

17  Thomas O. Barnett                      FOREPERSON

    Assistant Attorney General

18

19

    Scott D. Hammond                      Phillip H. Warren

20  Deputy Assistant Attorney General      Chief, San Francisco Office

21

22  Marc Siegel                           Jeane Hamilton

    Director of Criminal Enforcement       Nathanael M. Cousins

23                                          David J. Ward

                                          Attorneys

24  United States Department of Justice    U.S. Department of Justice

    Antitrust Division                    Antitrust Division

25                                            450 Golden Gate Ave.

                                        Box 36046, Room 10-0101

26                                          San Francisco, CA 94102

    Scott N. Schools                     (415) 436-6660

27  United States Attorney

    Northern District of California

28

    Indictment - Page 7